**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Michael ISSAC, Defendant–Appellant.**

**No. 10–40144**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 16, 2010.

---

David Haskell Henderson, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Beaumont, TX, for Plaintiff–Appellee.

Michael A. Issac, Yazoo City, MS, pro se.

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM: *

Michael Issac appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. He asserted in his § 3582(c)(2) motion that he was eligible for a sentence reduction based upon Amendments 591 and 599 to the Sentencing Guidelines. Issac also has moved for the appointment of counsel on appeal.

We first note Issac's argument that the district court's order included language that was irrelevant to the arguments he raised in his § 3582(c)(2) motion. Regardless of this surplus language, for the reasons discussed below, we conclude that the district court correctly found that Issac was not entitled to relief because his original sentence computations were not altered by Amendment 591 or 599.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in certain cases where the sentencing range has been subsequently lowered by the Sentencing Commission. *See United States v. Doublin,* 572 F.3d 235, 237 (5th Cir.), *cert. denied,* —— U.S. ——, 130 S.Ct. 517, 175 L.Ed.2d 366 (2009); *see also* U.S.S.G. § 1B1.10(a). Section 3582(c)(2) applies only to retroactive guidelines amendments, as set forth in the guidelines policy statement. *See* § 1B1.10(a). If an amendment "does not have the effect of lowering the defendant's applicable guideline range," a sentence reduction is not consistent with § 1B1.10 and is not authorized by § 3582(c)(2). § 1B1.10(a); *see also* § 3582(c)(2). The Government concedes that Amendment 591 and 599 apply retroactively. *See also* § 1B1.10(c).

Issac argued that, in light of Amendment 591, the district court applied the incorrect guideline section to his 18 U.S.C. § 1959 convictions. Amendment 591 emphasizes that, with certain exceptions not

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relevant here, a sentencing court "must apply the offense guideline referenced in the Statutory Index for the statute of conviction." U.S.S.G.App. C, Amendment 591 (Nov.2000) (Reason for Amendment, ¶ 3). The Statutory Index provides that U.S.S.G. § 2E1.3 applies to convictions under § 1959. *See* U.S.S.G.App. A (Statutory Index). Because the PSR applied § 2E1.3 to Issac's § 1959 convictions, Issac has not shown that Amendment 591 would have the effect of lowering his applicable guidelines range. *See* § 1B1.10(a). We note that Issac apparently has misunderstood the PSR's subsequent application of the offense level from U.S.S.G. § 2B3.1 for his underlying offenses, which was higher; however, application of the higher offense level for the underlying offenses is required by § 2E1.3 itself.

Issac also argues that, in light of Amendment 599 and his convictions for possession of a firearm under 18 U.S.C. § 924(c), the district court should not have applied various specific offense characteristics found in § 2B3.1, such as enhancements for making an express threat of death, for causing serious bodily injury, and for causing a permanent or life-threatening injury. *See* § 2B3.1(b)(2)(F), (b)(3)(B), and (b)(3)(C). Because the facts supporting each of these enhancements involved the use of a firearm, Issac argues that application of these enhancements and his conviction for the firearm offense constituted impermissible "double-counting." At the time of Issac's sentencing, the Guidelines provided that if sentences were to be imposed for both a violation of § 924(c) and for an underlying offense, any specific offense characteristics for the possession, use, or discharge of a firearm should not be applied to the underlying offense. *See* § 2K2.4, comment. (n.2) (1991). Although Amendment 599 altered and clarified the text of the relevant Application Note, it did not change the general rule against applying the firearms en-

hancements to the underlying offense where the defendant also was convicted under § 924(c). *See* U.S.S.G.App. C, Amendment 599 (Nov.2000). Because Amendment 599 does not have the effect of lowering Issac's applicable guideline range, a sentence reduction is not consistent with § 1B.10 and is not authorized by § 3582(c)(2). § 1B1.10(a); *see also* § 3582(c)(2).

Although we have not held that a defendant is entitled to counsel when appealing a § 3582(c)(2) motion, we have found that we have the discretion to appoint counsel in such proceedings "in the interest of justice." *United States v. Robinson,* 542 F.3d 1045, 1052 (5th Cir.2008). Because we have concluded that the district court did not abuse its discretion in denying Issac's § 3582(c)(2) motion, we deny his motion for appointment of counsel.

Accordingly, the judgment of the district court is AFFIRMED. The Government's motion for summary affirmance is GRANTED, and its alternative motion for an extension of time is DENIED. Issac's motion for appointment of counsel also is DENIED.