# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 4, 2011

No. 09-20563

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FREDERICK LEE BOWMAN, JR.,

Defendant-Appellant

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:96-cr-00143

---

Before DAVIS, WIENER, and BENAVIDES, Circuit Judges.

FORTUNATO P. BENAVIDES, Circuit Judge:

This appeal is from a district court's denial of a motion to reduce a sentence filed pursuant to 18 U.S.C. § 3582(c)(2). The issue is whether the Sentencing Guidelines preclude the application of a four-level enhancement for aggravated sexual abuse by force or threat pursuant to U.S.S.G. § 2A3.1(b)(1) when Appellant was also sentenced for his use of a firearm during a crime of violence pursuant to his 18 U.S.C. § 924(c) conviction. Finding no reversible error, we AFFIRM.

No. 09-20563

I.    BACKGROUND

The facts of the instant offenses were set forth as follows in the plea agreement signed by Appellant Frederick Lee Bowman, Jr. ("Appellant").  On July 9, 1996, the female victim, R. C., and her boyfriend, A. S., were standing in the driveway of her home in Missouri City, Texas.[1]  Appellant and his codefendant, Dewayne Everett Martin ("Martin"), rode by the house together on one bicycle and then returned to ask the victims whether they knew where to find a certain person who lived in the neighborhood.  When the victims replied "no," Martin pulled a pistol and ordered them into A. S.'s car.  Appellant was in the passenger side front seat and directed A. S. to drive to Louisiana.  R. C. and Martin sat in the back seat.  While driving in Texas, Martin forced R. C. to perform oral sex twice and raped and sodomized her.  At different times during the trip to Louisiana, both Martin and Appellant had physical possession of the pistol.  Near Lafayette, Louisiana, the car was stopped by a Louisiana Highway Patrol Trooper.  A. S. walked back to the police car and told the trooper that he and his girlfriend were being kidnapped.  While A. S. and the trooper were talking, Appellant drove away in A. S.'s car.  Other units of the Louisiana Highway Patrol joined the pursuit.  R. C. was rescued after A. S.'s car sideswiped another car and then crashed into a fire hydrant.  Appellant and Martin had run away from the crashed vehicle but were soon apprehended by the officers.  Additionally, the officers located the gun, a loaded HiPoint, Model G, 9mm semi-automatic pistol.

A grand jury in the Southern District of Texas issued an indictment charging Appellant with:  kidnapping (18 U.S.C. § 1201); carjacking (18 U.S. C. § 2119); use of a firearm during a crime of violence (18 U.S.C. § 924(c)); and felon-in-possession (18 U.S.C. §§ 922(g) and 924(a)(2)). Appellant pleaded guilty

---

[1] The record reflects the full names of the victims; however, for obvious reasons, we have chosen to use only their initials.

2

No. 09-20563

to kidnapping the victims in violation of 18 U.S.C. § 1201 and one count of using a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c).[2] The probation officer initially calculated a base offense level of 24 for the kidnapping offense. Presentence Report ("PSR") ¶¶ 16-17; U.S.S.G. § 2A4.1(a) (1995). However, because Appellant's codefendant forced one victim to perform sexual acts during the course of the kidnapping, the higher base offense level for criminal sexual abuse was used. PSR ¶¶ 3, 5-6, 17; § 2A4.1(b)(7)(A). Thus, the base offense level was 27. PSR ¶ 17; U.S.S.G. § 2A3.1(a). The base offense level was then increased two levels because the victim sustained serious bodily injury, four levels because the victim was abducted, and two levels because the defendant recklessly created a substantial risk of death or serious bodily injury to another in the course of fleeing from a law enforcement officer. PSR ¶¶ 19-20, 23, 25; §§ 2A3.1(b)(4), (b)(5); § 3C1.2.

At issue on appeal is another increase in the offense level based on the aggravated sexual abuse committed during the kidnapping. § 2A3.1(b)(1) (citing 18 U.S.C. § 2241(a), (b)). More specifically, Appellant's offense level was increased an additional four levels "[p]ursuant to U.S.S.G. § 2A3.1(b)(1), [because] the offense was committed by means set forth in 18 U.S.C. § 2241(a) or (b) (including, but not limited to, the use or display of any dangerous weapon)." PSR ¶ 18; § 2A3.1(b)(1). Those means include, in relevant part, "using force against the victim [or by] threatening or placing the victim in fear that any person will be subject to death, serious bodily injury, or kidnapping." § 2A3.1, cmt. n.2; *see* § 2241(a)(1), (2). Finally, based on Appellant's timely acceptance of responsibility, he received a three-level reduction.

---

[2] Pursuant to the agreement, the government dismissed the counts alleging carjacking and felon-in-possession. Martin was charged in the same indictment and also pleaded guilty to the same counts.

No. 09-20563

With a total offense level of 36 and a criminal history category of IV, Appellant's guidelines range on count one was 262 to 327 months of imprisonment. PSR ¶¶ 28, 34-37, 50; U.S.S.G. Ch. 5, Pt. A. The firearm offense carried a mandatory 60-month consecutive sentence. PSR ¶¶ 15, 49; § 924(c)(1).

Appellant objected to the four-level increase under § 2A3.1(b)(1) because he was subject to a mandatory consecutive five-year sentence for the firearm offense. R. 1, 72; *see* § 2K2.4, cmt. n.2 (Nov. 1995) (providing that where the defendant is subject to a mandatory consecutive sentence under § 924(c) (and other specified statutes), any specific offense enhancement "for the possession, use, or discharge an explosive or firearm . . . is not to be applied to the guideline for the underlying offense"). The probation officer responded that § 2A3.1(b)(1) sanctioned sexual abuse as set forth in § 2241, which punished sexual abuse that used force, or threats to place the victim in fear that any person will be subject to death, serious bodily injury, or kidnapping. PSR Addendum, 2. The probation officer noted that the use or display of a dangerous weapon was *not* an element of § 2241 and asserted that, although § 2A3.1(b)(1) referenced as an example the use or display of a dangerous weapon in the commission of criminal sexual abuse, the definition was not limited to the use of a weapon. *Id.*

The district court adopted the factual findings and guideline application in the PSR, R. 2, 151, and sentenced Appellant to 262 months of imprisonment (at the bottom of the guidelines range that included the challenged enhancement) on count one and to 60 months of imprisonment on count three, to run consecutively to each other for a total term of 322 months of imprisonment. R. 2, 145, 151. Appellant did not file a direct appeal.

In 2008, Appellant filed a pro se motion for review of his sentence in light of an amendment to the commentary to § 2K2.4. *Id.* at 156-61; *see* U.S.S.G. App. C, vol. II, Amend. 599 (2000). He asserted that he should be resentenced because, pursuant to Amendment 599, the guidelines for his underlying

kidnapping offense could no longer be increased for his use of a firearm because he was sentenced under § 2K2.4 for his § 924(c) offense. *Id.* at 159. The government agreed that if the kidnapping offense had been increased for using or possessing a firearm, Appellant would qualify for retroactive application of Amendment 599. *Id.* at 169. It argued, however, that the four-level increase in PSR ¶ 18 was not for such use or display of a firearm but was "based upon the evidence that [Appellant] used force, threats and created a concern that the victims[] were subject to death, serious bodily injury or kidnapping." *Id.* Thus, it asserted that Appellant's sentence did not violate Amendment 599. *Id.*

The district court construed Appellant's motion as a § 3582(c)(2) motion and denied it. *Id.* at 173-75. The court noted that Amendment 599 applied retroactively. *Id.* at 173. The court recognized that Amendment 599 provided that, if a defendant was convicted of violating § 924(c)(1) along with an underlying offense, the court would be prohibited from applying any specific offense characteristic for possessing, brandishing, using or discharging a firearm. *Id.* The court determined that it had not applied such a prohibited increase in the instant case. *Id.* at 173-74. It explained that the four-level enhancement was added under § 2A3.1(b)(1) because the aggravated sexual abuse that occurred during the course of the kidnapping was committed by one of the means set forth in § 2241(a) or (b). *Id.* at 174. The court noted that "although the use or brandishment of a dangerous weapon is given as one example of how such force or threats of force may be employed, neither the statute nor the guideline was limited to the use of a weapon." *Id.* Accordingly, the court concluded that Amendment 599 did not apply to Appellant's sentence because the court did not apply a sentencing enhancement for possessing, brandishing, using, or discharging a firearm. *Id.* at 174-75. The court also noted that Appellant had raised the same double-counting argument at sentencing and that it had rejected the argument for these same reasons. *Id.* at 174.

No. 09-20563

Appellant filed a motion for reconsideration of the district court's order denying his § 3582(c)(2) motion. *Id*. at 176-77. Appellant argued that his sentence violated Amendment 599 because the increase under § 2A3.1(b)(1) was based on the use or display of a dangerous weapon. *Id*. at 177. The government opposed the motion, *id*. at 187-89, and the district court denied it, *id*. at 191. Appellant filed a timely notice of appeal. *Id*. at 208-09.

II.   ANALYSIS

Appellant challenges the district court's denial of his § 3582(c)(2) motion to modify his sentence. Although a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) ordinarily is reviewed for an abuse of discretion, the court's interpretation and application of the Guidelines are reviewed de novo. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). Section 3582(c)(2) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(2). The applicable policy statement, § 1B1.10, provides that the court has the authority to reduce a term of imprisonment pursuant to § 3582(c)(2) if the defendant is serving a term of imprisonment, the applicable guidelines range has been lowered as the result of an amendment to the Guidelines, and the amendment is listed in § 1B1.10(c). § 1B1.10(a)(1). If the amendment "does not have the effect of lowering the defendant's applicable guideline range," a sentence reduction is not consistent with § 1B.10 and is not authorized by § 3582(c)(2). § 1B1.10(a)(2)(B). It is undisputed that Appellant is serving a term of imprisonment and that Amendment 599 is listed in § 1B1.10(c). Thus, the

No. 09-20563

only question is whether the amendment lowers the applicable guideline range. We conclude that it does not actually lower Appellant's guideline range.

Appellant was sentenced in1996. Appellant argues that Amendment 599, which became effective in 2000, clarified that when a defendant is sentenced under § 924(c), a sentence for the underlying offense conduct should never be enhanced based on conduct that involved the use of a firearm. Amendment 599 amended application note 2 of the commentary to § 2K2.4. *See United States v. Dixon*, 273 F.3d 636, 643 (5th Cir. 2001). At the time of Appellant's original sentencing, application note 2 provided that when a defendant is sentenced for a § 924(c) offense, "any specific offense characteristic for the possession, use, or discharge of an explosive or firearm . . . is not to be applied in respect to the guideline for the underlying offense." § 2K2.4 cmt. n.2. After Amendment 599, note 4 (formerly note 2) provided in relevant part that, "[i]f a sentence under this guideline [§ 2K2.4] is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use or discharge of an explosive or firearm when determining the sentence for the underlying offense." § 2K2.4 cmt. n.4. Thus, an increase in the offense level for possessing or using firearms was prohibited at the time Appellant was sentenced, and Amendment 599 did not affect that rule. *See United States v. Issac*, No. 10-40144, 2010 WL 3736228, at *1 (5th Cir. Sept. 16, 2010) (unpublished) ("Although Amendment 599 altered and clarified the text of the relevant Application Note, it did not change the general rule against applying the firearms enhancements to the underlying offense where the defendant also was convicted under § 924(c)."). In other words, at the time of Appellant's sentencing, it was already prohibited to give a weapons enhancement on a sentence for an underlying violent crime when there was also a § 924(c) sentence. Indeed, during the original sentencing proceedings, Appellant's defense counsel specifically objected to the PSR by asserting that the

7

"defendant should not be increased an additional four levels because he has plead[ed] guilty to Count Three of the indictment which makes an additional 5 years mandatory for the use of a handgun in commission [of] the crime." R. 1, 72. Accordingly, Amendment 599 did not actually lower Appellant's guideline range, and thus a reduction in Appellant's sentence would neither be consistent with policy statement § 1B1.10(a)(2) nor authorized under § 3582(c)(2). *Issac*, No. 10-40144, 2010 WL 3736228, at *1.[3]

Moreover, the district court determined that it had *not* given Appellant a weapon enhancement; instead, the district court increased the sentence based on the aggravated sexual abuse that occurred during the kidnapping. As previously stated, pursuant to § 2A3.1(b)(1), because the kidnapping offense was committed by means set forth in the aggravated sexual abuse statute, § 2241, Appellant's sentence was increased four levels. Those means include, in relevant part, "using force against the victim [or by] threatening or placing the victim in fear that any person will be subject to death, serious bodily injury, or kidnapping." § 2A3.1, cmt. n.2. Appellant contends that the display of the gun was the force or threat of force used to commit the aggravated sexual abuse, and therefore the four-level increase should be prohibited as double counting. *See United States v. Franks,* 230 F.3d 811, 813-14 (5th Cir. 2000) (holding that an enhancement for an express threat of death may not be applied to the sentence for robbery when the threat is related to the use of the firearm and the

___

[3]   We recognize that Amendment 599 did lower the guideline range in certain circumstances. For example, if a defendant's underlying offense had been enhanced based on the increase for felon-in-possession in addition to the sentence under § 924(c) for use of a firearm during a violent crime, then that would be double counting. *See United States v. Goines*, 357 F.3d 469, 473 (4th Cir. 2004) (explaining that the commentary to Amendment 599 demonstrates that "the Sentencing Commission intended to repudiate [*United States v. Flennory,* 357 F.3d 1264 (11th Cir. 1998)] and provide that a sentence for a § 922(g) [felon-in-possession] offense may not be enhanced based on conduct that also resulted in a § 924(c) conviction"); *United States v. Brown*, 332 F.3d 1341, 1345 (11th Cir. 2003) (noting that Amendment 599 abrogated *Flennory*).

defendant has a § 924(c) sentence for the same firearm); *United States v. Katalinic*, 510 F.3d 744, 748 (7th Cir. 2007) (same). We reject this contention because we find that there was force independent of the gun used to commit the aggravated sexual abuse.

In reaching that conclusion, we rely on the actions of Appellant's codefendant, Martin.[4] This is permissible under U.S.S.G. § 1B1.3(a)(1)(b), which defines relevant conduct for the Guidelines as, "in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." Appellant and Martin undertook a criminal activity jointly, and Martin's sexual assault of R. C. was reasonably foreseeable.

With respect to aggravated sexual abuse, a "defendant uses force within the meaning of § 2241 when he employs restraint sufficient to prevent the victim from escaping the sexual conduct." *United States v. Lucas*, 157 F.3d 998, 1002 (5th Cir. 1998). Further, this Court has explained that "pressing the victim against a table and thereby blocking her means of egress suffices to constitute force within the meaning of § 2241." *Id.* at 1002 n.9.

In the instant case, the PSR provides more details regarding the force used to commit the aggravated sexual abuse inflicted upon the victim in the back seat of the vehicle. Martin forced the victim to perform oral sex, and after she vomited on him, he shoved her against the door. Martin then sodomized and raped the victim. The PSR also provides that the victim was taken from the crime scene to the hospital and "treated for neck and back injuries." By shoving the victim against the car door and forcing her to engage in sexual conduct,

---

[4] We note that Appellant does not argue that Martin's conduct was not reasonably foreseeable.

Martin clearly employed restraint sufficient to prevent the victim from escaping from the back seat. Without relying on the use of the gun, we conclude that the force used to commit the aggravated sexual abuse suffices to constitute force within the meaning of § 2241. Under those circumstances, enhancing Appellant's sentence for aggravated sexual abuse by force does not double count the use of the gun.[5]

### III.   CONCLUSION

For the aforementioned reasons, the district court's judgment is AFFIRMED.

---

[5]   We also note that Sentencing Commission explained that the rule against double counting the use of a weapon "is intended to avoid the duplicative punishment that results when sentences are increased under both the statutes and the guidelines for *substantially the same harm.*" Amend. 599, Reason for Amendment, U.S.S.G. App. C at 72  (emphasis added). We do not believe the harm inflicted from the kidnapping was substantially the same as the harm inflicted as a result of the aggravated sexual abuse.