# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50428
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRUCE WAYNE ERVIN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-78

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Bruce Wayne Ervin, federal prisoner # 61620-080, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based upon retroactive Amendment 782 to the Sentencing Guidelines. By seeking leave to proceed IFP, Ervin is challenging the district court's certification that his appeal is not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50428

taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).

Ervin argues that he was eligible for a sentence reduction under Amendment 782. He asserts that his original base offense level should have been 12 and should be reduced to 10 after the application of Amendment 782 because no drug quantity was alleged in the indictment, admitted by him, or proven beyond a reasonable doubt. However, because he is not challenging his original sentence, he asserts that his total offense level must have been either 33 or 34, because those are the only two offense levels that include his sentence of 240 months of imprisonment within the guidelines range at his criminal history category of V. He contends that Amendment 782 then reduced his total offense level by two and reduced his guidelines sentence range. He maintains that the district court judge in his case initially refused to apply the Guidelines when they became effective in 1987 and still refuses to follow the law. He asserts that his appeal is not frivolous because the district court refused to make findings of fact and conclusions of law.

Ervin's initial base offense level was 36, based upon the finding that he was responsible for the equivalent of 26,935.2 kilograms of marijuana. His total offense level was 39. His guidelines sentence range and the sentence imposed were 240 months of imprisonment not because his total offense level was 33 or 34 or because the district court refused to follow the law, but because of U.S.S.G. § 5G1.1(a), which provides that when a guidelines sentence range would otherwise exceed the statutory maximum sentence, the guidelines sentence range becomes the statutory maximum sentence.

The application of Amendment 782 to Ervin's case reduces his base offense level to 34 and his total offense level to 37. *See* U.S.S.G. § 2D1.1(c)(3). With a total offense level of 37 and criminal history category of V, his initial

guidelines sentence range would be reduced to 324-405 months of imprisonment from 360 months of imprisonment to life imprisonment. *See* U.S.S.G., Ch. 5, Pt. A (sentencing table). Again, the application of § 5G1.1(a) would reduce the guidelines sentence range to the statutory maximum sentence of 240 months of imprisonment. As Amendment 782 did "not have the effect of lowering [Ervin's] applicable guideline range," Ervin was not eligible for a sentence reduction under § 3582(c)(2). § 1B1.10(a)(2)(B); *see United States v. Bowman*, 632 F.3d 906, 910-11 (5th Cir. 2011).

As Ervin was ineligible for a sentence reduction under § 3582(c)(2), his appeal does not present a nonfrivolous issue. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.