# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50430
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 5, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

SPENCER DURAN RILEY, Also Known as Duran Spencer Riley,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 6:03-CR-38-5

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Spencer Riley, federal prisoner # 20305-179, seeks to proceed *in forma pauperis* ("IFP") following the denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on retroactive Amendment 782 to the Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50430

Guidelines.  By seeking leave to proceed IFP, Riley is challenging the district court's certification that his appeal is not taken in good faith because it is frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).

Riley conclusionally argues that he was eligible for a sentence reduction under Amendment 782 and that his base offense level should have been reduced from 38 to 36, with a corresponding reduction in the applicable guideline range.  But as the district court correctly concluded, because Riley was accountable for 44.5 kilograms of crack cocaine, his base offense level remains at 38 even under the retroactive amendment, and his range is unchanged.  Because Amendment 782 did "not have the effect of lowering [Riley's] applicable guideline range," he was not eligible for a sentence reduction under § 3582(c)(2), and he can show no error in the denial of relief.  *See* U.S.S.G. § 1B1.10(a)(2)(B); *United States v. Bowman*, 632 F.3d 906, 910–11 (5th Cir. 2011).

Riley has not demonstrated a nonfrivolous issue for appeal.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The instant motion is Riley's fifth § 3582(c)(2) motion seeking a reduction based on the same or similar frivolous claim.  Riley is therefore CAUTIONED that future frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.  Riley is warned that he should review any pending appeals and actions and move to dismiss any that are frivolous.