# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40652
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee

v.

RUBEN SALAZAR,

                                                    Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-382

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ruben Salazar, federal prisoner # 64683-179, has moved for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the Sentencing Guidelines. He contends that the district court failed to consider the factors that supported a sentence reduction, including those that were raised at his original sentencing hearing, and did not provide a statement

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40652

of reasons setting forth the bases upon which his motion was denied. Salazar further alleges that his motion was not decided by his original sentencing judge and was disposed of by a different judicial division than the one in which he was sentenced.

When, as in this case, a district court certifies that an appeal is not taken in good faith, the appellant may either pay the filing fee or challenge the court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Section 3582(c)(2) permits the discretionary modification of a sentence if the defendant is sentenced to a prison term based upon a sentencing range that subsequently is lowered by the Sentencing Commission. Amendment 782 did not reduce Salazar's guidelines sentencing range, and, thus, he was ineligible for a sentence reduction pursuant to § 3582(c)(2). *See* U.S.S.G. § 1B1.10(a)(2) & comment. (n.1(A)); *United States v. Bowman*, 632 F.3d 906, 910-11 (5th Cir. 2011). Because Salazar was not entitled to a sentence reduction, the district court had no cause to consider whether a reduction was merited based upon the factors raised by him. *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). Likewise, because Salazar was not legally entitled to relief, the judge or judicial division that reviewed the motion did not affect its disposition. The district court did not have to issue a statement of reasons, and there otherwise is no basis for Salazar to challenge the adequacy of the district court's reasons for denying his motion. *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009).

No. 15-40652

Thus, Salazar's appeal does not present a nonfrivolous issue and has not been brought in good faith. *See Howard*, 707 F.2d at 220. The motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at n.24; 5TH CIR. R. 42.2.