# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10491
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VALENTIN MONJARAS-PICHARDO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-30

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Valentin Monjaras-Pichardo, federal prisoner # 45512-177, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the Sentencing Guidelines. Monjaras-Pichardo argues that the district court abused its discretion in denying his § 3582(c)(2) motion without determining whether he was individually responsible for 270

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

kilograms of heroin. He argues that the entire conspiracy was responsible for 270 kilograms of heroin and that he should be sentenced only on the portion for which he was responsible.

By moving to proceed IFP, Monjaras-Pichardo is challenging the district court's certification decision that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Section 3582(c)(2) permits the discretionary modification of a sentence if the defendant is sentenced to a prison term based upon a sentencing range that subsequently is lowered by the Sentencing Commission.

Amendment 782 did not reduce Monjaras-Pichardo's guidelines sentencing range, and, thus, he was ineligible for a sentence reduction pursuant to § 3582(c)(2). *See* U.S.S.G. § 1B1.10(a)(2) & comment. (n.1(A)); *United States v. Bowman*, 632 F.3d 906, 910-11 (5th Cir. 2011). Monjaras-Pichardo's arguments challenging the amount of heroin for which he was held responsible at sentencing are without merit. Motions under § 3582(c)(2) may not be used to challenge the correctness of the sentence as it was originally imposed. *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). Monjaras-Pichardo fails to demonstrate a nonfrivolous issue for appeal.

Accordingly, his motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.