# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41155
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 25, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELIUT EDISON GUTIERREZ GUAJARDO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-239

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Eliut Edison Gutierrez Guajardo, federal prisoner # 81552-279, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based upon retroactive Amendment 782 to the Sentencing Guidelines. By seeking leave to proceed IFP, Gutierrez Guajardo is challenging the district court's certification that his appeal is not taken in good faith because it is frivolous. *See Baugh v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41155

*Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).

On appeal, Gutierrez Guajardo argues that Amendment 782 lowered his offense level by two. He contends that the district court erred by finding otherwise and denying his § 3582(c)(2) motion.

At the original sentencing, the district court found that Gutierrez Guajardo was responsible for 4.92 kilograms of ice and that his base offense level was 38 because the offense involved more than 1.5 kilograms of ice. While Amendment 782 raised the amount of ice required for a base offense level of 38 to 4.5 kilograms, Gutierrez Guajardo was responsible for more than 4.5 kilograms of ice. *See* U.S.S.G. § 2D1.1(c)(1). Accordingly, Amendment 782 did not reduce his base offense level or his guidelines sentence range. *See* § 2D1.1(c)(1). As Amendment 782 did "not have the effect of lowering [his] applicable guideline range," Gutierrez Guajardo was not eligible for a sentence reduction under § 3582(c)(2). U.S.S.G. § 1B1.10(a)(2)(B); *see United States v. Bowman*, 632 F.3d 906, 910-11 (5th Cir. 2011).

As Gutierrez Guajardo was ineligible for a sentence reduction under § 3582(c)(2), his appeal does not present a nonfrivolous issue. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.