# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10296
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 21, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HAMID REZA SAYADI-TAKHTEHKAR,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:96-CR-41-6

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Hamid Reza Sayadi-Takhtehkar, federal prisoner # 38137-054, was convicted in 1997 of conspiring to import one kilogram or more of heroin, conspiring to possess with intent to distribute and to distribute one kilogram or more of heroin, and tampering with a witness, and he was sentenced within the applicable guidelines sentencing range to 365 months of imprisonment. In his instant appeal, Sayadi-Takhtehkar challenges the district court's denial of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his 18 U.S.C. § 3582(c)(2) motion for a reduction in his sentence in light of Amendment 782 to the Sentencing Guidelines.

Sayadi-Takhtehkar argues that the district court erred in determining that his base offense level (BOL) remained 38 under the amended U.S.S.G. § 2D1.1(c) and that he is therefore ineligible for relief.  He maintains that he should have been held accountable for only 23.91 kilograms of heroin at sentencing and that, using that lower amount, Amendment 782 does have the effect of lowering his guidelines sentencing range.  Sayadi-Takhtehkar's argument that the district court erred in determining drug quantity for purposes of calculating his BOL prior to his original sentencing is not cognizable in a § 3582(c)(2) proceeding.  *See United States v. Hernandez*, 645 F.3d 709, 711-12 (5th Cir. 2011).  All of Sayadi-Takhtehkar's remaining arguments go to whether the district court considered the 18 U.S.C. § 3553 sentencing factors, whether it properly weighed those factors, and whether it stated that it had considered those factors.

The Sentencing Guidelines specifically instruct that only the new Guideline provision should be substituted into the guidelines calculation and that "all other guideline application decisions" shall remain unaffected.  U.S.S.G. § 1B1.10(b)(1).    Sayadi-Takhtehkar was held responsible at sentencing for in excess of 90 kilograms of heroin.  Under the revised version of § 2D1.1(c), his BOL would remain a 38, and the amendment thus did not have the effect of lowering his guidelines sentencing range.  *See* § 2D1.1(c)(1)  Because the district court correctly found that Sayadi-Takhtehkar was ineligible for relief, it was not authorized to grant any reduction in his sentence.  *See United States v. Bowman*, 632 F.3d 906, 910 (5th Cir. 2011).  Because the district court did not reach the point of making the discretionary determination of whether and to what extent to reduce Sayadi-Takhtehkar's

sentence, the failure to consider factors that would inform that discretionary decision was not error. *See Dillon v. United States*, 560 U.S. 817, 827 (2010).

Sayadi-Takhtehkar has failed to show that the district court abused its discretion in denying his § 3582(c)(2) motion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). The judgment of the district court is AFFIRMED.