# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51173
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIE RAY COLE, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:02-CR-118-1

Before JONES, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Willie Ray Cole, Jr., federal prisoner # 28648-180, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on retroactive Amendment 782 to U.S.S.G. § 2D1.1. By moving to proceed IFP, Cole is challenging the district court's certification that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51173

Cir. 1997). Our inquiry into a litigant's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

The Supreme Court has prescribed a two-step inquiry for a district court that is considering a § 3582(c)(2) motion. *Dillon v. United States*, 560 U.S. 817, 826 (2010). The court must first determine whether a prisoner is eligible for a reduction as set forth in U.S.S.G. § 1B1.10(a). *Id.* If he is eligible, then the district court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion," any reduction is warranted under the particular facts of the case. *Id.* at 827. We review the decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion. *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011).

Cole asserted in the district court that he was sentenced as a career offender, and, if that assertion is accepted as true, Cole was ineligible for a sentence reduction based on his career offender status under U.S.S.G. § 4B1.1. *See United States v. Banks*, 770 F.3d 346, 349 (5th Cir. 2014); *see also United States v. Anderson*, 591 F.3d 789, 790-91 (5th Cir. 2009); § 3582(c)(2). Even if Cole's sentence was based on the drug quantity table in U.S.S.G. § 2D1.1, and his offense level is reduced by two levels based on Amendment 782, his recommended sentencing range remains unchanged; therefore, he was also ineligible for a sentence reduction on this basis. *See* U.S.S.G. § 1B1.10(a)(2)(B); § 1B1.10, comment. (n.1(A)); *United States v. Bowman*, 632 F.3d 906, 910-11 (5th Cir. 2011). As Cole's sentencing guidelines range was not affected by Amendment 782, the district court did not abuse its discretion when it denied his motion. *See Anderson*, 591 F.3d at 791; *Bowman*, 632 F.3d at 910-11.

No. 15-51173

Cole has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard*, 707 F.2d at 220.  Accordingly, his IFP motion is DENIED. Additionally, because this appeal is frivolous, it is DISMISSED.  5TH CIR. R. 42.2.