# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 16-10755
Summary Calendar

————————

United States Court of Appeals
Fif h Circuit

**FILED**

January 26, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SELWYN MACFIELD MARTIN, also known as Red,

Defendant-Appellant

————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-98-31

————————————

Before JOLLY, DAVIS and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Selwyn Macfield Martin, federal prisoner # 27049-037, seeks leave to proceed in forma pauperis (IFP) on appeal from the denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on retroactive Amendment 782 to U.S.S.G. § 2D1.1.  By moving to proceed IFP, Martin is challenging the district court's certification that his appeal was not taken in good faith because it is frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10755

Under § 3582(c)(2), a district court may reduce a defendant's sentence if he was sentenced to a term of imprisonment based on a guidelines range that was subsequently lowered by the Sentencing Commission. Because Amendment 782 did not reduce Martin's guidelines range, he was not eligible for a sentence reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B); § 1B1.10, comment. (n.1(A)); *United States v. Bowman*, 632 F.3d 906, 910-11 (5th Cir. 2011). Moreover, a § 3582(c)(2) proceeding is not a full resentencing or an opportunity to challenge the original sentence. *See Dillon v. United States*, 560 U.S. 817, 825-26 (2010); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). Thus, Martin's arguments regarding the validity of his original sentence are not cognizable in a § 3582(c)(2) proceeding. *See United States v. Hernandez,* 645 F.3d 709, 712 (5th Cir. 2011).

Martin has failed to show that he will raise a nonfrivolous issue on appeal. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.