# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2017

Lyle W. Cayce
Clerk

No. 16-10635
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FELIPE RAMIREZ-ARELLANO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-30-19

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit
Judges.

PER CURIAM:*

Felipe Ramirez-Arellano, federal prisoner # 91003-180, appeals the
district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of his
sentence based on Amendment 782 to U.S.S.G. § 2D1.1 and the denial of his
motion for appointment of counsel. He contends that the district court erred
in determining that he was not eligible for the reduction and also erred in
failing to evaluate the 18 U.S.C. 3553(a) sentencing factors and his post-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-10635

sentencing rehabilitation. He complains that the district court erred at the original sentence in its calculation of the drug quantity attributed to him.

A district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) ordinarily is reviewed for an abuse of discretion; however, the court's interpretation and application of the Guidelines are reviewed de novo. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). The district court may reduce a term of imprisonment that was based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines if such a reduction is consistent with applicable guidelines policy statements. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1), p.s. Because Amendment 782 did not reduce Ramirez-Arellano's guidelines range, the district court did not err in determining that he was not eligible for relief under § 3582(c)(2) and in not considering his post-sentencing conduct or the § 3553(a) factors. *See* § 1B1.10(a)(2)(B); § 1B1.10, comment. (n.1(A)); *United States v. Bowman*, 632 F.3d 906, 910 (5th Cir. 2011).

Additionally, a § 3582(c)(2) proceeding is not a full resentencing or an opportunity to challenge the original sentence. *See Dillon*, 560 U.S. at 825-26; *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). Thus, Ramirez-Arellano's arguments regarding the validity of the amount of drugs attributed to him at his original sentencing are not cognizable in a § 3582(c)(2) proceeding. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011).

Ramirez-Arellano has not shown that the interests of justice required the appointment of counsel as he clearly was not eligible for a reduction of his sentence pursuant to Amendment 782. Thus, he has not shown that the district court erred in denying his motion. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007).

AFFIRMED.