# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20081
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

PEDRO MORENO,

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:95-CR-142-3

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

In 2001, Pedro Moreno, federal prisoner # 71498-079, was convicted of conspiring to launder monetary instruments and of participating in a continuing criminal enterprise (CCE) to sell marihuana, in violation of 18 U.S.C. § 1956(g),(h) and 21 U.S.C. § 848. He was sentenced to life imprisonment for the CCE offense, and 240 months' imprisonment on the conspiracy conviction, to run concurrently. Proceeding *pro se*, Moreno contests:

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-20081

the dismissal, as moot, of his successive motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2); and the denial of his post-judgment request to amend his successive § 3582(c)(2) motion.

As Moreno asserts, the district court had jurisdiction to consider his successive § 3582(c)(2) motion. *See United States v. Calton*, 900 F.3d 706, 711 (5th Cir. 2018). Our court has jurisdiction to consider Moreno's appeal, *see id.* at 712–13, and our jurisdiction is unaffected by Moreno's failure to timely notice his appeal from the dismissal of his successive § 3582(c)(2) motion. *See United States v. Martinez*, 496 F.3d 387, 388–89 (5th Cir. 2007) (holding time limit for noticing appeal is not jurisdictional in criminal cases and may be waived). Because there are no jurisdictional or procedural bars to our consideration of Moreno's appeal from the denial of § 3582(c)(2) relief, the merits of his motion for a sentence reduction are considered. *See Calton*, 900 F.3d at 714.

Moreno contends he was eligible for a sentence reduction pursuant to Amendment 782 (amending drug-quantity table in Sentencing Guideline § 2D1.1(c) and lowering most drug-related base-offenses by two levels). Generally, review of the denial of a sentence reduction under § 3582(c)(2) is for abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (citation omitted). However, as relevant here, review of whether defendant is eligible for a sentence reduction under § 3582(c)(2) is *de novo*. *United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010) (citation omitted).

Section 3582(c)(2) provides defendant's sentence may be modified if he was sentenced to a term of imprisonment based on a Guidelines sentencing range subsequently lowered by the Sentencing Commission. Section 3582(c)(2) applies only to Guideline amendments made retroactive by the Sentencing

No. 18-20081

Commission.  *See Dillon v. United States*, 560 U.S. 817, 826 (2010).  Amendment 782 is such a retroactive amendment.  *See* U.S.S.G. § 1B1.10(d).

For his original sentence, Moreno was held accountable for 122,081 kilograms of marihuana, rendering a total offense level of 46.  An offense level exceeding 43, however, is treated as one of 43.  *See* U.S.S.G. Ch. 5, Pt. A, cmt. n. 2.  Amendment 782 effectively lowered most drug-related base-offense levels by two units; but, given the drug quantity for which Moreno was held accountable, Amendment 782 did not reduce his offense level and did not make him eligible for a sentence reduction, as his Guidelines range is still life imprisonment.  *See United States v. Bowman*, 632 F.3d 906, 910–11 (5th Cir. 2011).  Even if, as Moreno asserts, the court had issued a ruling lowering his accountable drug quantity to 89,078.6 kilograms of marihuana, that would have no effect on his eligibility for a sentence reduction.  *See id.*

Finally, Moreno's contention he is eligible for a sentence reduction due to errors in the determination of his offense level under Guideline § 2D1.5 fails because issues related to original sentencing determinations may not be relitigated in a § 3582(c)(2) proceeding; and such motions cannot be used to challenge the appropriateness of the original sentence.  *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009) (citation omitted); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995).

AFFIRMED.