# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-11376

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JIMMY LEE DIXON,

Defendant - Appellant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Consolidated with 19-10760

In re:  JIMMY LEE DIXON,

Movant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CR-84-1

Before KING, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11376

Appellant Jimmy Lee Dixon was convicted on five counts related to a series of crimes he committed using a short-barreled shotgun, including one count of using a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c). In calculating Dixon's guidelines range, the district court applied a seven-level weapons enhancement based on Dixon's discharge of the shotgun. The court also imposed a mandatory ten-year sentence based on Dixon's Section 924(c) conviction to run consecutively to his sentence on the other counts. Nearly twenty years later, Dixon moved for a sentence reduction, arguing the district court impermissibly double-counted his guidelines range by applying the weapons enhancement when Dixon was already subject to a mandatory Section 924(c) sentence. The district court denied the motion and Dixon appealed. We affirm.[1]

## BACKGROUND

On February 9, 1997, Dixon entered a Veteran Affairs Medical Center wielding a short-barreled shotgun, robbed paramedic Janet Shahan, attempted to rob paramedic David Dyer, and ultimately kidnapped and raped Shahan. Dixon once discharged his shotgun but did not physically injure anyone. He was twice tried and convicted on five counts.[2]

Following his second jury trial,[3] Dixon was convicted of (1) robbing Shahan by force ("Count One"); (2) attempting to rob Dyer by force ("Count Two"); (3) assaulting Dyer with a short-barreled shotgun ("Count Three");

---

[1] Dixon has separately moved for leave to file a successive habeas petition. That application has been consolidated with this appeal, but we do not now consider it.

[2] A previous panel opinion offers a more detailed description of the facts underlying Dixon's conviction. *See United States v. Dixon*, 185 F.3d 393, 395–97 (5th Cir. 1999) (*Dixon I*).

[3] Dixon's first conviction was reversed and remanded for a new trial because the district court erred in refusing to instruct the jury on Dixon's insanity defense. *See Dixon I*, 185 F.3d at 407.

No. 17-11376

(4) using and carrying a short-barreled shotgun during a crime of violence, in violation of 18 U.S.C. § 924(c) ("Count Four"); and (5) kidnapping Shahan for the purpose of committing aggravated sexual abuse ("Count Five"). Count Five served as the underlying crime of violence for Count Four.

Dixon was sentenced for the second time in July 2000. Applying the sentencing guidelines effective November 1, 1998, the supplemental presentence report (the "PSR") grouped Counts One, Two, Three, and Five by victim. The first group consisted of Counts One and Five, the robbery and kidnapping of Shahan, respectively. The second group consisted of Counts Two and Three, the attempted robbery and the assault of Dyer, respectively. Pursuant to the relevant grouping rules, the PSR used the adjusted offense level for the first group in calculating Dixon's guidelines range because it was higher than that of the second group. The base offense level for the first group was 20, but the adjusted offense level included multiple enhancements. Relevant here, the district court applied a seven-level weapons enhancement based on Dixon's discharge of the short-barreled shotgun. After two additional units were added to account for grouping, Dixon was subject to a total offense level of 37. *See* U.S.S.G. § 3D1.4.

That score, combined with Dixon's criminal history category of 1, resulted in a guidelines range of 210 to 262 months of imprisonment on Counts One, Two, Three, and Five. The guidelines range on Count Four (the Section 924(c) count) was a mandatory, consecutive term of 120 months of imprisonment. *See* U.S.S.G. § 2K2.4(a); 18 U.S.C. § 924(c)(1). The district court sentenced Dixon to concurrent terms of 262 months of imprisonment on Counts One, Two, Three, and Five, and to a consecutive 120-month term on Count Four, for a total of 382 months of imprisonment.

On appeal, Dixon argued, *inter alia*, that the district court impermissibly double-counted his shotgun discharge by applying the seven-level weapons

3

enhancement "when he also received a sentence under . . . § 924 for using a shotgun during and in relation to the kidnapping." *United States v. Dixon*, 273 F.3d 636, 646 (5th Cir. 2001) (*Dixon II*). The court rejected this argument, holding that the district court had not double-counted in calculating Dixon's guidelines range, but vacated Dixon's sentence on separate grounds and remanded for resentencing.[4] *Id.* at 644. On remand, in 2002, the district court recalibrated Dixon's sentence in accordance with *Dixon II* and resentenced Dixon to concurrent terms of 180 months on Counts One and Two, 120 months on Count Three, 262 months on Count Five, and a consecutive 120 months on Count Four, for a total of 382 months in prison—the same as the previous sentence.

In 2017, Dixon moved *pro se* to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) asserting the same double-counting argument he raised in *Dixon II*. The district court denied the motion. Dixon timely filed a notice of appeal, and this court granted Dixon leave to proceed *in forma pauperis* and appointed counsel to represent him.

## STANDARD OF REVIEW

A "district court's decision whether to reduce a sentence is reviewed for abuse of discretion," but "its 'interpretation or application of the Guidelines is reviewed de novo.'" *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009) (quoting *United States v. Conner*, 537 F.3d 480, 489 (5th Cir. 2008)).

## DISCUSSION

Dixon challenges the district court's denial of his Section 3582(c)(2) motion to modify his sentence. Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in certain cases in which the defendant's

---

[4] The court held that Dixon's sentences on Counts One, Two, and Three exceeded the relevant statutory maximum sentences. *Id.*

guidelines range has been subsequently lowered by a retroactively applicable amendment to the sentencing guidelines. *Doublin*, 572 F.3d at 237.

The inquiry is two-fold. First, the district court must determine whether the defendant is eligible for a reduction. *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 2691 (2010). If an amendment "does not have the effect of lowering the defendant's applicable guideline range," a reduction is not authorized by Section 3582(c)(2). U.S.S.G. § 1B1.10(a); 18 U.S.C. § 3582(c)(2). Second, if the district court finds that a defendant is eligible for a reduction, the court must determine whether the reduction is warranted. *Dillon*, 560 U.S. at 827, 130 S. Ct. at 2692. "Reductions . . . are not mandatory; [Section 3582(c)(2)] gives the district court discretion to reduce a sentence under limited circumstances" set forth in 18 U.S.C. § 3553(a). *Doublin*, 572 F.3d at 238.

Our analysis begins and ends at the first step. Dixon repackages his unsuccessful argument from *Dixon II* in Section 3582(c)(2) terms. He argues he is eligible for a sentence reduction because Amendment 599 to the sentencing guidelines—which went into effect after Dixon's 2000 sentencing, while *Dixon II* was pending—retroactively lowered his guidelines range by prohibiting the district court's application of a weapons enhancement for his discharge of a shotgun when he also received a mandatory sentence under 18 U.S.C. § 924(c) for using the shotgun during the kidnapping.

*Dixon II* rejected this argument, holding that, under Amendment 599, "no double counting occurred when the district judge applied the weapon enhancements in calculating defendant's offense levels for the robbery and attempted robbery convictions." 273 F.3d at 644. At the time of Dixon's 1999 and 2000 sentencings, application note 2—the precursor to Amendment 599— provided that when a defendant is sentenced for a Section 924(c) offense, "any specific offense characteristic for the possession, use, or discharge of a . . .

firearm . . . is not to be applied in respect to the guideline for the underlying offense." U.S.S.G. § 2K2.4 cmt. n.2 (1991). Thus, before Amendment 599, the guidelines prohibited the application of a weapons enhancement to the offense underlying a Section 924(c) conviction. *See United States v. Bowman*, 632 F.3d 906, 910–11 (5th Cir. 2011). In 2000, the Sentencing Commission enacted Amendment 599, which clarified that application note 2 prohibits the application of a weapons enhancement, not just to the underlying Section 924(c) offense, but also to conduct underlying a separate offense that is "within the scope of relevant conduct for the underlying [Section 924(c)] offense."[5] U.S.S.G. § 2K2.1, cmt. n.2, Am. 599.

Dixon argues we should overturn *Dixon II* and hold that Amendment 599 prohibits the application of a weapons enhancement to his robbery counts because the conduct underlying his robbery counts is relevant to his predicate Section 924(c) kidnapping count.[6] We are bound, however, by the rule of orderliness, which provides that "one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court." *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). "Indeed, even if a panel's interpretation of the law appears flawed, the rule of orderliness prevents a subsequent panel from declaring it void." *Id.*; *see also Barber v. Johnson*, 145 F.3d 234, 237 (5th Cir. 1998) ("Even if persuaded that [our prior

---

[5] Amendment 599 applies retroactively. *See id.* § 1B1.10(d).

[6] Dixon also argues he is eligible for a sentence reduction because the enhancement was applied to the kidnapping count. We disagree. The enhancement was applied pursuant to Section 2B3.1 of the guidelines, which governs enhancements to *robbery* convictions. And even if the enhancement was applied to the kidnapping count, that application was proscribed by the pre-Amendment 599 guidelines, and Amendment 599 did not affect that rule. *See United States v. Bowman*, 632 F.3d 906, 910–11 (5th Cir. 2011). Thus, even if Dixon is correct, he would not be eligible for a sentence reduction. *See id.*

panel opinion] is inconsistent with [an earlier Supreme Court opinion], we may not ignore the decision, for in this circuit one panel may not overrule the decision of a prior panel."). The rule applies even when, as here, there are multiple appeals within the same case. *See K.P. v. LeBlanc*, 729 F.3d 427, 438 (5th Cir. 2013) ("We cannot reach the merits of this claim; our rule of orderliness compels us to abide the interpretation of state law pronounced in [*K.P. v. LeBlanc*, 627 F.3d 115 (5th Cir. 2010)]."). Dixon points to no intervening change in the law since *Dixon II*. Amendment 599 was enacted before *Dixon II* was issued, and we are bound by that panel's application of it. Dixon is not therefore eligible for a sentence reduction.

For the foregoing reasons, the district court's denial of Dixon's Section 3582(c)(2) motion is **AFFIRMED**.