**UNITED STATES of America**

v.

**Reginald REAVES.**

**Criminal Action No. 91–570–9.
Civil Action No. 97–2946.**

United States District Court,
E.D. Pennsylvania.

Jan. 6, 1999.

Suzanne B. Ercole, Ferry, Philadelphia, PA, for Plaintiff.

Cheryl J. Sturm, Westtown, PA, for Defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

KATZ, District Judge.

**AND NOW,** this 6th day of January, 1999, after an evidentiary hearing, the court makes the following findings of fact and conclusions of law:

*FINDINGS OF FACT:*

On August 1, 1991, a grand jury returned an indictment against Reginald Reaves and co-conspirators charging them with distribution and conspiracy to distribute cocaine and other offenses between 1985 and September 1991 for the Junior Black Mafia (JBM).

2. Attorney Edward Schulgen was court-appointed to represent Reaves in this prosecution.

3. Reaves was knowledgeable of his sentencing exposure for the criminal conduct he was charged with, as well as his sentencing options should he elect to plead guilty; and further that his desire to be tried by a jury was steadfast and consistent with his claim of innocence, despite the possible life sentence he faced upon conviction.

4. Following Reaves' arrest, a pretrial psychiatric evaluation was performed. The report, submitted to the U.S. Magistrate on October 30, 1991, concluded that Reaves had a rational and factual understanding of the criminal proceedings he faced, that he was aware of the charges facing him as well as the possible outcome resulting from a guilty verdict.

5. On November 21, 1991, a hearing was held on a motion filed by the government for pretrial detention. The government's motion set out in detail the offenses charged against the defendant and the factual background of these charges. The motion set forth that upon conviction, Reaves faced a term of life imprisonment with a mandatory minimum of 10 years incarceration.

6. Prior to the hearing on the government's pretrial detention motion, defense counsel reviewed with Reaves the allegations set forth therein, including the maximum sentencing exposure Reaves faced upon conviction.

7. Prior to the trial on June 15, 1992, defense counsel also met and conferred with the defendant on several occasions. Defense counsel reviewed with the defendant the allegations set forth in the indictment. Counsel informed Reaves of his sentencing options, including the fact that he faced life imprisonment if he went to trial and the possibility of a lesser sentence if he pleaded guilty. Counsel also discussed with Reaves the option of pleading guilty in lieu of proceeding to trial, including acceptance of responsibility, and cooperating with the government in its prosecution of the JBM. In fact, defense counsel specifically discussed with the defendant a proposed plea agreement offer made by the government. However, Reaves denied any knowledge of the JBM, rejected any offer to plead guilty and refused to accept responsibility for his criminal conduct, even though this offered him the opportunity to obtain a reduced sentence. In view of the client's steadfast position, any attempt to negotiate a plea bargain would have been futile.

8. When Reaves' trial commenced in June 1992, he was tried with six codefendants, all of whom were named as co-conspirators charged under Count One of the indictment. Several co-conspirators who pleaded guilty testified at Reaves' trial as cooperating government witnesses. Their culpability and sentencing exposure for the same drug crimes that Reaves faced was set forth in open court during the defendant's own trial. Reaves was well aware during his jury trial that his sentencing exposure was life imprisonment for the very crimes to which his own co-conspirators pleaded guilty.

9. Throughout the jury trial process, Reaves persisted in his claim of innocence despite full knowledge of his sentencing options and the risk of a life sentence upon conviction.

10. On July 14, 1992, Reaves was convicted of conspiracy and a substantive count of distribution of cocaine. Prior to sentencing, Reaves wrote a letter dated September 18, 1992 to this court in which he continued to assert his innocence.

11. At the time of his sentencing hearing on October 21, 1992, the government's sen-

tencing memorandum clearly laid out the maximum penalties associated with the crimes for which Reaves was convicted, namely life imprisonment. Additionally, the defendant's Presentence Report, which was reviewed with him by defense counsel prior to the hearing, delineated his maximum sentencing exposure of life imprisonment. At sentencing, Reaves raised no issue regarding his understanding of, or objection to, the sentencing range he faced.

12. Consequently, Reaves' claim that defense counsel did not give him an accurate sentencing comparison of "the sentence with the guilty plea" and the "sentence with the trial" and that he would have pleaded guilty to avoid the risk of life imprisonment is incredible. Defendant's allegation, made almost five years after conviction, that his trial attorney never informed him of this risk is a transparent attempt to get a lighter sentence. Trial counsel fully explored with Reaves the option of pleading guilty and that he faced a life sentence if convicted after a trial. Counsel reviewed with the defendant the plea offer made by the government and its impact on Reaves' sentencing exposure if the defendant accepted responsibility and/or cooperated. Reaves' decision to proceed to trial and risk life imprisonment upon conviction was based upon informed choice after lengthy consultation with his attorney. Defendant's full knowledge of his sentencing exposure and his steadfast assertion of innocence through all stages of the proceedings belie his claim that he would have pleaded guilty because he did not want to risk a sentence of life imprisonment.

*CONCLUSIONS OF LAW:*

1. Reaves has failed to establish a violation of his Sixth Amendment right to effect assistance of counsel as set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

2. Under the standards set forth in *Strickland,* the defendant must demonstrate that trial counsel's performance was seriously deficient and that prejudice resulted. Reaves has failed to satisfy both prongs of the *Strickland* test. *Strickland* at 687, 104 S.Ct. 2052; *see also United States v. Day,*

969 F.2d 39, 43 (3d Cir.1992); *Diaz v. United States,* 930 F.2d 832, 835 (11th Cir.1991).

3. Since the record amply demonstrates that trial counsel discussed at length Reaves' sentencing options with him, including the fact that he faced life imprisonment if he went to trial and the possibility of a lesser sentence if pleaded guilty, defendant has failed to sustain a claim of ineffective assistance of counsel on the ground that counsel's performance was seriously deficient.

4. The defendant has also failed to establish the requisite prejudice to justify his claim for relief, since the record clearly establishes that Reaves was fully apprised of all his sentencing options, including the government's offer of a plea bargain, and knowingly rejected the alternative of a guilty plea. Reaves' decision to proceed to trial and risk the consequence of a life sentence upon conviction was based upon an informed choice and his claim of prejudice fails. An open plea of guilty would have resulted in the same life sentence.