

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-28-2003

# Reaves v. Warden Lewisburg

Precedential or Non-Precedential: Non-Precedential

Docket 02-2321

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Reaves v. Warden Lewisburg" (2003). *2003 Decisions.* Paper 855.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/855

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 02-2321

———

REGINALD REAVES,
                                        Appellant

v.

WARDEN UPS LEWISBURG

———

On Appeal from the United States District Court
for Middle District of Pennsylvania
(D.C. No. 01-cv-01149)
District Judge:  Hon. Richard P. Conaboy

———

Submitted Under Third Circuit LAR 34.1(a)
January 27, 2003

Before:  SLOVITER, RENDELL, <u>Circuit</u> <u>Judges</u>
and DEBEVOISE,* <u>District</u> <u>Judge</u>

(Filed January 28, 2003)

———

OPINION OF THE COURT

———

*       Hon. Dickinson R. Debevoise, Senior Judge, United States District Court for the
District of New Jersey, sitting by designation.

SLOVITER, <u>Circuit Judge</u>.

## I.

Appellant Reginald Reaves appeals from the order of the District Court dismissing his petition under 28 U.S.C. § 2241 for habeas corpus relief. Because we conclude that the District Court did not err in dismissing Reaves' § 2241 petition, we will affirm.

## II.

Inasmuch as the parties are familiar with the factual and procedural background of this case, we refer only to those facts as are pertinent to the issue under consideration.

On July 14, 1992, a jury found Reaves guilty of conspiracy to distribute and to possess with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 846, and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). Reaves was sentenced to life imprisonment, to be followed by supervised release for life. This court affirmed Reaves' conviction and sentence. <u>United States v. Price</u>, 13 F.3d 711, 736 (3d Cir. 1994). Reaves filed a motion pursuant to 28 U.S.C. § 2255, which the sentencing court in the Eastern District of Pennsylvania summarily denied. This court reversed and remanded for an evidentiary hearing, after which the § 2255 motion was denied once again. This time, we affirmed its denial.

On June 25, 2001, Reaves filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. The District Court denied Reaves' petition, holding that 28 U.S.C. § 2255 was the exclusive means through which Reaves could challenge his conviction and sentence. Thereafter,

2

Reaves filed a Motion for Relief from Judgment or Order pursuant to Federal Rule of Civil Procedure 60(b), which the District Court denied. This appeal followed.

### III.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

The District Court found that Reaves failed to demonstrate exceptional circumstances that would allow him to benefit from our decision in In re Dorsainvil, 119 F.3d 245, 251(3d Cir. 1997), where we held that courts may hear motions pursuant to § 2241 only in limited circumstances where § 2255 proved "inadequate or ineffective." In so holding, the District Court rejected Reaves' argument that because the Supreme Court issued its decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), after Reaves was sentenced, he could properly raise his Apprendi claims in a § 2241 petition.

On appeal, Reaves continues to argue that § 2255 is an "inadequate or ineffective" means through which to raise an Apprendi claim. Br. of Appellant at 32. Reaves' argument, however, is foreclosed by our decision in Okereke v. United States of America, 307 F.3d 117 (3d Cir. 2002), where we held that under In re Dorsainvil, § 2255 is not

3

inadequate or ineffective for individuals to raise <u>Apprendi</u> claims. We explained that in <u>In re Dorsainvil</u> we were faced with an intervening change in the law that potentially made the crime for which that petitioner was convicted non-criminal. On the other hand, <u>Apprendi</u> dealt with sentencing and did not render the drug law at issue non-criminal. <u>Okereke</u> is dispositive of that issue here. Accordingly, the District Court correctly found that Reaves was not entitled to file his petition under § 2241.

**IV.**

The District Court properly dismissed Reaves' § 2241 petition for habeas corpus relief. For the reasons set forth, we will affirm.

_____

TO THE CLERK:

Please file the foregoing opinion.


/s/ Dolores K. Sloviter
Circuit Judge

4