

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-13-2006

# Reaves v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5040

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Reaves v. USA" (2006). *2006 Decisions*. Paper 1268.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1268

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5040
_____

UNITED STATES OF AMERICA

v.

REGINALD REAVES,

                                                Appellant
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No.  05-cv-05033)
District Judge: Honorable Marvin Katz

_____

Submitted Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 23, 2006

BEFORE: SLOVITER, McKEE and FISHER, CIRCUIT JUDGES

(Filed: April 13, 2006)

_____

OPINION
_____


PER CURIAM

Reginald Reaves was convicted of various drug-related crimes following a jury

trial in the United States District Court for the Eastern District of Pennsylvania.  We

affirmed in United States v. Price, 13 F.3d 711 (3d Cir. 1994).  Since then Reaves has

unsuccessfully attacked his conviction and sentence through a series of collateral challenges under 28 U.S.C. §§ 2255 and 2241, 18 U.S.C. § 3582(c)(2), and the All Writs Act, 28 U.S.C. § 1651 (specifically, the ancient writs of *error coram nobis* and *audita querela*).

In 2005 Reaves filed another attack on his sentence via a petition for a writ of *audita querela*, seeking relief pursuant to United States v. Booker, 543 U.S. 220 (2005). Reeves has appealed the District Court's denial of his petition. We will summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6, because it clearly appears that no substantial question is presented by this appeal.

A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the exclusive means to challenge collaterally a federal conviction or sentence. The All Writs Act is a residual source of authority to issue writs in exceptional circumstances only. Pennsylvania Bureau of Correction v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). In United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001), the Court of Appeals for the Ninth Circuit held, and we agree, that "[a] prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs" such as *audita querela*. Id. at 1080. Thus, we have held that section 2255 is not rendered "inadequate or ineffective," thereby enabling a prisoner to resort to *coram nobis*, by the mere fact that he cannot meet the stringent standards for authorizing the filing of a second or successive section 2255

2

motion. <u>United States v. Baptiste</u>, 223 F.3d 188, 189-90 (3d Cir. 2000) (<u>per</u> <u>curiam</u>).  The

same applies to petitions for a writ of *audita querela*.  <u>See</u> <u>United States v. Holt</u>, 417 F.3d

1172, 1175 (11th Cir. 2005) (writ of *audita querela* unavailable where relief is cognizable

under section 2255).[1]

Accordingly, we will summarily affirm the order of the District Court.

---

[1] We note that even if *audita querela* were otherwise available, Reaves would not be able to rely on <u>Booker</u> because that decision does not apply retroactively to cases on collateral review.  <u>See</u> <u>Lloyd v. United States</u>, 407 F.3d 608 (3d Cir. 2005); <u>In re Olopade</u>, 403 F.3d 159 (3d Cir. 2005).