CLD-151                                                                                       **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 14-3187
_____

UNITED STATES OF AMERICA

v.

REGINALD REAVES,
a/k/a Reggie
a/k/a R

REGINALD REAVES,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-91-cr-00570-009)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 19, 2016
Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: February 26, 2016)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

In 1992, after a federal jury trial, Reginald Reaves was convicted of conspiracy and possession of cocaine with intent to deliver in relation to his participation as a "squad leader" in a drug-trafficking organization active from 1985 to 1991 in the Eastern District of Pennsylvania and elsewhere. He was sentenced to life in prison after the District Court adopted the recommendation in the presentence report ("PSR") of an adjusted offense level of 45 (a base level of 40 enhanced by a two-point adjustment for the possession of a weapon and a three-point adjustment for his role as a "squad leader"). This Court affirmed the judgment. United States v. Price, 13 F.3d 711, 736 (3d Cir. 1994).

In December 2013, Reaves, through counsel, filed a motion for reduction of sentence. He argued that he was entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) and (in tandem) Amendments 505 and 599 to the Sentencing Guidelines. The Government opposed the motion on the basis that Amendment 599 was inapplicable and, although Amendment 505 reduced Reaves' base level to 38, he was not eligible for a reduction in sentence because his total offense level and criminal history category still supported a sentence of life imprisonment.

The District Court denied the § 3582(c)(2) motion. The District Court noted the parties' agreement about the applicability of Amendment 505 in lowering the offense range and the conceded necessity of a "tandem" application of both Amendments to win a reduction of sentence. (The District Court concurred with the Government that Reaves' sentence remained life imprisonment even after the application of Amendment 505.) The

2

District Court explained that Amendment 599 was not applicable because Reaves had not been convicted under 18 U.S.C. § 924(c). In so doing, the District Court also rejected Reaves' argument to apply the Amendment more generally to his enhancement for possession of a firearm.

Reaves, now pro se, appeals.[1] He submits a motion for appointment of counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291. In considering the denial of Reaves' § 3582(c)(2) motion, we exercise plenary review over the District Court's interpretation of the Sentencing Guidelines and otherwise review the denial of relief for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). We may summarily affirm the District Court's ruling if there is no substantial question presented on appeal. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Upon review, we will affirm. It is clear that Reaves was not convicted of a violation of 18 U.S.C. § 924(c), so, as the District Court concluded, he was not entitled to a reduction of sentence in light of Amendment 599. Under Amendment 599, courts are directed not to "apply any weapon enhancement in the guideline for the underlying offense" if the defendant was convicted of a § 924 offense. U.S.S.G. Manual, Appx. C, Amendment 599 (modifying § 2K2.4 cmt. n.2). The purpose of the amendment was to "clarify under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the guidelines for those other offenses." Id. In the District

Court, Reaves' counsel argued for a wider application of Amendment 599 beyond cases that include § 924(c) convictions. However, we cannot find support for applying the amendment in cases that do not involve § 924(c) convictions.

As noted, Reaves based his claim for a sentence reduction on the "tandem" application of Amendments 599 and 505. Because one is not applicable, his "tandem" theory cannot succeed. As the District Court explained, based on the information in Reaves' PSR, Amendment 505 alone would not result in a reduction of sentence for Reaves. The Government conceded that the retroactively applicable amendment would reduce Reaves' original base level from 40 to 38. However, as the District Court noted, even if Reaves were given the benefit of Amendment 505, his sentence would remain life imprisonment in light of the enhancements totaling five points and his criminal history (his adjusted offense level would be 43). Because the guideline range did not actually change, the District Court did not abuse its discretion in denying Reaves' motion. See U.S.S.G. § 1B.10(a)(2)(B); see also United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013).

For these reasons, we conclude that the District Court did not err in denying Reaves' motion for a reduction in sentence. Accordingly, we will affirm the District Court's judgment. Reaves' motion for appointment of counsel is denied.

---

[1] We previously granted Reaves' motion to reopen his appeal.