# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11055
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANDRES RAMOS,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:92-CR-155-7

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Andres Ramos, federal prisoner # 23876-077, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction under Amendment 782 to the advisory Sentencing Guidelines. In doing so, he contends the denial of that motion, when considered together with two previously denied sentence-reduction requests, resulted in a total denial of a six-level reduction to his offense level.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-11055

Ramos' first request occurred at sentencing. In 1993, a jury convicted him of various cocaine-related offenses. The presentence investigation report (PSR) recommended that Ramos was responsible for 702 kilograms of cocaine. At that time, a defendant responsible for 500–1,500 kilograms of cocaine received a base-offense level of 40. The PSR also recommend a two-level enhancement, pursuant to Guideline § 2D1.1(b)(1) (1993), for possession of a firearm, which resulted in a total offense level of 42. When combined with his criminal-history category of III, Ramos' resulting Guidelines sentencing range was 360 months to life imprisonment.

Ramos objected to, *inter alia*, the firearm enhancement; the court overruled the objection and sentenced him to 360 months' imprisonment. *United States v. Ramos*, 71 F.3d 1150, 1152, 1158 (5th Cir. 1995). In affirming that sentence, our court held the district court did not err in applying the enhancement because "the government proved a sufficient nexus between [Ramos'] activities and the firearms to warrant the offense level increase". *Id.* at 1157.

Ramos' second request came in 2003, when he filed a § 3582(c)(2) sentence-reduction motion under Guidelines Amendment 505. That amendment deleted the portion of the drug-quantity table providing for a base-offense level of 40 when a defendant was responsible for 500–1,500 kilograms of cocaine. *See* U.S.S.G., app. C, vol. I, amend. 505. The amended provision stated that a defendant responsible for 150 kilograms of cocaine would receive a base-offense level of 38. *Id.* Accordingly, under the amendment, Ramos' base-offense level would have been 38, and his total offense level (with the two-level firearm enhancement) would have been 40. The district court denied Ramos' motion, however, because the offense-level reduction did not change his Guidelines sentencing range.

No. 15-11055

On appeal, Ramos contended our court had previously affirmed his two-level firearm enhancement as harmless error. *United States v. Ramos*, 78 F. App'x 400, 400–01 (5th Cir. 2003). Essentially, he asserted that, because Amendment 505 reduced his offense level by two levels, that error was no longer harmless, because the combined four levels would have lowered his total offense level to 38. *See id.* In affirming, our court noted the firearm enhancement was *not* affirmed as harmless error, but was instead affirmed on the merits. *Id.* at 401. Therefore, it concluded that, because Ramos' sentencing range remained at 360 months to life imprisonment, the district court did not abuse its discretion in denying Ramos' motion. *See id.*

This appeal concerns Ramos' third request, his current § 3582(c)(2) motion under Amendment 782. That amendment raised to 450 kilograms the amount of cocaine required for a base-offense level of 38. *See* U.S.S.G., supp. to app. C, amend. 782. Ramos claims that, had the court granted his prior sentence-reduction requests, and if it were to grant his current motion, his total offense level would be reduced to 36, resulting in an amended Guidelines range of 235 to 293 months' imprisonment. His claim fails for several reasons.

First, despite Ramos' repeated assertions of harmless error, our court upheld his two-level firearm enhancement on the merits. *See Ramos*, 71 F.3d at 1157; *Ramos*, 78 F. App'x at 401. He cannot re-litigate that issue in a § 3582(c)(2) proceeding. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011). Second, although Amendment 782 raised to 450 kilograms the amount of cocaine required for a base-offense level of 38, Ramos was responsible for more than 450 kilograms. *See* § 2D1.1(c)(1). Accordingly, Amendment 782 did not reduce his base-offense level or his Guidelines sentencing range. *See id.* Therefore, even taking into account a two-level

No. 15-11055

reduction under Amendment 505, his total offense level remains at 40, and his Guidelines range is unchanged.

Accordingly, because Amendment 782 did "not have the effect of lowering [his] applicable guideline range", Ramos was not eligible for a reduction under § 3582(c)(2).  U.S.S.G. § 1B1.10(a)(2)(B); *see United States v. Bowman*, 632 F.3d 906, 910–11 (5th Cir. 2011).

AFFIRMED.