# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30591

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

>   Plaintiff - Appellee

v.

MAXON HARVEY MORGAN,

>   Defendant - Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana

Before KING, PRADO, and SOUTHWICK, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

Maxon Harvey Morgan was convicted of conspiring to import more than 500 kilograms of cocaine into the United States. He was sentenced within the applicable Guidelines range to 432 months imprisonment. Morgan later filed a motion for reduction in sentence under 18 U.S.C. § 3582 pursuant to Amendment 505 to the Sentencing Guidelines. The district court denied his motion. Several years later, Morgan again moved for a sentence reduction under Section 3582, this time pursuant to Amendment 782. Again, the district court denied the motion, concluding that he was ineligible. We AFFIRM.

No. 16-30591

## FACTUAL AND PROCEDURAL BACKGROUND

In 1994, Maxon Harvey Morgan was convicted by a jury of conspiring to import more than 500 kilograms of cocaine into the United States. He was sentenced to 432 months in prison due to a base-offense level of 40 and an adjusted-offense level of 42. Approximately two years later, Morgan filed a motion under 18 U.S.C. § 3582(c)(2), seeking a two-level reduction in his base-offense level under Sentencing Guidelines Amendment 505. Amendment 505 reduced Morgan's base-offense level from 40 to 38, but the district court, after considering the factors outlined in 18 U.S.C. § 3553(a), found that Morgan's original 432-month sentence was appropriate. *United States v. Morgan*, No. 93-491, 1996 WL 626327, at *1 (E.D. La. Oct. 25, 1996). In 2009, Morgan's sentence was reduced to 408 months for substantial assistance to the Government.

Sentencing Guidelines Amendment 782 became effective on November 1, 2014. U.S.S.G., Amend. 782. It modified the drug-quantity table in Section 2D1.1 of the Guidelines by lowering most drug-related base-offenses levels by two. *Id*. Morgan filed another Section 3582 motion, seeking a two-level reduction in his base-offense level under the later amendment. The district court denied the motion, finding Morgan ineligible for a sentencing reduction because "Amendment 782 results in no change in base offense level." Morgan timely appealed.

## DISCUSSION

We review the district court's grant or denial of a Section 3582 motion for reduction of sentence for abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Smith*, 417 F.3d 483, 486–87 (5th Cir. 2005). We

No. 16-30591

review *de novo* whether a district court has the authority to reduce a sentence under Section 3582. *United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010).

Under Section 3582, the district court may reduce a defendant's sentence if the Guidelines range applicable at sentencing is later lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). When considering the motion, the district court engages in a two-step inquiry. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). The first step is to examine Section 1B1.10 of the Guidelines concerning reductions in sentences due to amended Guidelines to determine if the inmate is eligible; if so, then the second step is for the district court to decide whether a reduction is consistent with the Section 3553(a) sentencing factors. *Id.* A district court has the authority to reduce the sentence of a defendant serving a term of imprisonment when the "range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d)" of that section, a list that includes both Amendments 505 and 782, among several others. *See* U.S.S.G. § 1B1.10(a)(1) & (d). Though the next statement may seem a redundancy to what we have just stated, the key to this appeal is that a defendant must show the amendment actually lowered the applicable Guidelines range. *See United States v. Bowman*, 632 F.3d 906, 910 (5th Cir. 2011).

Morgan repeatedly argues that his base-offense level remained 40 after the district court refused to reduce his sentence under Amendment 505. He may be suggesting the district court was unaware of its authority to grant a reduction in sentence in 1996. As a result, he argues that Amendment 782, enacted in 2014, lowered his base-offense level to 38 for the first time. Morgan also argues the district court's failure to reduce his sentence runs contrary to the Section 3553(a) factors because his release from prison is in society's best interest.

No. 16-30591

We start with determining Morgan's base-offense level prior to the effective date of Amendment 782. Amendment 505 reduced Morgan's base-offense level from 40 to 38, but the district court in 1996 refused to grant a corresponding reduction in sentence. The later Amendment 782 likewise set Morgan's base-offense level at 38. The question is whether Morgan's base-offense level was already 38 after the adoption of Amendment 505, even though the district court had earlier denied him the benefit of such a reduction. If so, Morgan was ineligible for a sentence reduction under Amendment 782 because it had no effect on his base-offense level.

We first examine the district court's 1996 explanation of its decision to deny Morgan's motion to modify his sentence. The court's order acknowledged that Amendment 505 lowered Morgan's base-offense level by two and decreased his Guidelines range significantly. *Morgan*, 1996 WL 626327, at *1. The district court did say that Morgan's original *base*-offense level was 42. *Id.* More accurately, his *adjusted*-offense level was 42, after a two-level enhancement from an original *base*-offense level of 40. Amendment 505 lowered Morgan's base-offense level to 38, making his adjusted-offense level 40. Despite the misstatement, the district court clearly identified the proper range, saying that "defendant's guideline range at the time of sentencing was 360 months to life," which neither party disputes. *Id.* After determining Amendment 505 would lower Morgan's base-offense level by two, the district court duly applied the Section 3553(a) factors and held that Morgan's original sentence was appropriate. *Id.* We find no error in the district court's analysis of the effect of Amendment 505, though offense-level nomenclature was misstated.

In his argument, Morgan misapprehends the effect of an amendment to the Sentencing Guidelines. The Guideline amendments themselves change base-offense levels without any action by a district court. Whether the court,

applying Section 3553 factors, then decides to adjust a sentence in light of the lower offense level does not alter the fact an offense level was changed. According to Amendment 505, the Sentencing Commission set "the upper limit of the Drug Quantity Table in § 2D1.1 at level 38." U.S.S.G., Amend. 505. The Commission concluded that no base-offense level higher than 38 should be given "for quantity itself[.]" *Id.* Amendment 782 similarly explained that it was "changing how the base offense levels in the Drug Quantity Table in § 2D1.1 . . . incorporate the statutory mandatory minimum penalties" for the offenses it covers. U.S.S.G., Amend. 782. Under each amendment, the base-offense level is found by examining the Drug Quantity Table, not by examining a district court's exercise of discretion on lowering a sentence.

We agree with how the amendments were explained in one of our recent decisions. *See United States v. Ramos*, 653 F. App'x 819, 819–20 (5th Cir. 2016). Prior to Amendment 505, the base-offense level was 40 for defendants responsible for between 500 and 1,500 kilograms of cocaine. *Id.* at 819. Amendment 505 made the base-offense level 38 for defendants responsible for 150 kilograms or more of cocaine. *Id.* Morgan's base-offense level was 38 after Amendment 505 regardless of the district court's refusal in 1996 to alter the sentence. Amendment 782 increased to 450 kilograms the necessary amount of cocaine for a base-offense level of 38, an amount Morgan also satisfied.

Morgan was responsible for more than 500 kilograms of cocaine. After Amendment 505, his base-offense level was 38. Amendment 782 left his base-offense at 38. It therefore did "not have the effect of lowering the defendant's applicable guideline range." *Bowman*, 632 F.3d at 910 (quoting U.S.S.G. § 1B1.10(a)(2)(B)).

AFFIRMED.

5