**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3123
_____

UNITED STATES OF AMERICA

v.

REGINALD REAVES,
a/k/a "REGGIE"; a/k/a "R", Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. Action No. 2-91-cr-00570-009)
District Judge: Honorable Eduardo C. Robreno

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 25, 2020

Before: KRAUSE, MATEY and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 31, 2020)
_____

OPINION*
_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Reginald Reaves appeals pro se from an order of the United States District Court for the Eastern District of Pennsylvania denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). We will affirm.

In 1992, a jury found Reaves guilty of conspiracy and possession of cocaine with intent to distribute. See 21 U.S.C. § 841(a)(1) and 846. At sentencing, the District Court determined that, based on the amount of cocaine for which Reaves was responsible, his base offense level under the Sentencing Guidelines was 40. See U.S.S.G. § 2D1.1 (1992). After adding two levels because Reaves possessed a gun during the drug offenses, see U.S.S.G. § 2D1.1(b)(1), and three levels for his managerial role in the offense, see U.S.S.G. § 3B1.1(b), the District Court calculated a total offense level of 45. With a criminal history category of III, Reaves was subject to a sentence of life imprisonment. We affirmed. See United States v. Price, 13 F.3d 711, 736 (3d Cir. 1994). Reaves' subsequent attempts to obtain post-conviction relief have been unsuccessful.[1]

In 2013, Reaves filed a motion under § 3582(c)(2), arguing that he was entitled to a sentence reduction based on Amendments 505 and 599 to the Sentencing Guidelines. The Government apparently conceded that Amendment 505 reduced Reaves' base

_____

[1] See, e.g., United States v. Reaves, 177 F. App'x 213, 214 (3d Cir. 2006) (not precedential) (affirming denial of petition for a writ of *audita querela*); Reaves v. Lewisburg, 58 F. App'x 547, 5498 (3d Cir. 2003) (not precedential) (affirming dismissal of petition under 28 U.S.C. § 2241); United States v. Reaves, 34 F. Supp. 2d 296 (E.D. Pa. 1999) (denying motion under 28 U.S.C. § 2255), aff'd, C.A. No. 99-1155 (opinion and order entered Jan. 5, 2000).

offense level from 40 to 38.  See United States v. Reaves, 2014 WL 2915892, at *2 (E.D. Pa. June 27, 2014) (noting that Amendment 505 reduced to 38 the maximum base offense level for drug offenses).  Nevertheless, the District Court concluded that Reaves' adjusted offense level of 43 (38 plus the enhancements totaling five points) and his criminal history category of III still resulted in a sentence of life imprisonment.  Id.  The District Court also held that Amendment 599 was inapplicable because Reaves was not convicted under 18 U.S.C. § 924(c).  Id. at *3.  Thus, the District Court denied relief.  Id. at *4.  We affirmed.  United States v. Reaves, 642 F. App'x 82, 83 (3d Cir. 2016) (not precedential).

In 2015, Reaves filed another motion under § 3582(c)(2), seeking to reduce his sentence based on Amendment 782 to the Sentencing Guidelines, which "retroactively reduced by two levels the base offense levels assigned to many drug quantities in the Drug Guidelines."  United States v. Thompson, 825 F.3d 198, 202 (3d Cir. 2016).  Reaves argued that Amendment 782 should further reduce his base offense level by two points, bringing it to 36.  The District Court rejected that claim, stating that, [c]ontrary to Reaves' understanding, the Amendments do not stack to create a four-level reduction."

Because Amendment 782 did not lower the applicable sentencing range, the District Court denied the § 3582(c)(2) motion.  Reaves appealed.[2]

We have jurisdiction pursuant to 28 U.S.C. § 1291.  In considering the denial of Reaves' § 3582(c)(2) motion, we exercise plenary review over the District Court's interpretation of the Sentencing Guidelines and otherwise review the denial of relief for abuse of discretion.  United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009).

A District Court generally cannot modify a term of imprisonment once it has been imposed, but a defendant may be eligible for a sentence reduction pursuant to § 3582(c) under certain circumstances.  Section 3582(c) allows for a reduction if two requirements are met:  (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); see also United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013).  A sentence reduction is inconsistent with stated Sentencing Commission policy if, for example, the newly retroactive Guidelines amendment relied on by the defendant "does

---

[2] The notice of appeal was filed after the District Court granted Reaves' motion to reopen the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6).  In its order granting the motion to reopen, the District Court also noted that "Reaves does not present this Court with any reason to reconsider its previous ruling."  To the extent that Reaves seeks to appeal the denial of a motion for reconsideration, we conclude that the District Court did not abuse its discretion because Reaves did not set forth grounds for reconsideration, such as an intervening change in controlling law, new evidence, or a need to correct a clear error of fact or law or prevent manifest injustice.  See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

4

not have the effect of lowering [his] applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The phrase "applicable guideline range" is defined in the Guidelines as the range "that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A).

Amendment 782, which went into effect on November 1, 2014, and which is retroactive, imposed a base level offense of 38 for offenses involving 450 kilograms or more of cocaine. See U.S.S.G. § 2D1.1 (Drug Quantity Table). At no point has Reaves argued that he was responsible for less than 450 kilograms of cocaine.[3] Thus, Amendment 782 yields a base offense level of 38. Contrary to Reaves' belief, however, Amendment 782 did not, in combination with Amendment 505, reduce his base offense level by a total of four points. See United States v. Morgan, 866 F.3d 674, 677 (5th Cir. 2017) ("After Amendment 505, [appellant's] base-offense level was 38. Amendment 782 left his base-offense at 38."). Reinstating the five points of enhancements that were applied at the original sentencing, Reaves' total offense level would be 43, which, together with a criminal history category of III, results in an unchanged Guidelines range

---

[3] Cf. Price, 13 F.3d at 716-17, 735 (stating that Reaves' criminal organization "distributed in the Philadelphia area over 1,000 kilograms of cocaine" and that "[o]ver 564.5 kilograms of cocaine can be attributed to" Reaves' brother, Darrell, who was "involved in distributing drugs in his brother's squad, and was his brother's 'right-hand man'").

5

of life imprisonment. See Dillon v. United States, 560 U.S. 817, 827 (2010) (explaining that, in determining whether the "applicable guideline range" has been lowered, courts must "leave all other guideline application decisions unaffected") (quoting § 1B1.10(b)(1)). Therefore, because Amendment 782 did not reduce Reaves' sentencing range, the District Court properly found that he was ineligible for relief under § 3582(c)(2).[4]

For the foregoing reasons, we will affirm the District Court's judgment.

---

[4] Reaves contends that he is entitled to relief because two of his co-defendants, Joseph Cobb and Anthony Long, received sentence reductions based on Amendment 782. Those individuals, however, are not similarly situated to Reaves, because, inter alia, they did not receive the three-level managerial role enhancement to which Reaves was subject.