# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2020

Lyle W. Cayce
Clerk

No. 20-10068
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ELECHI N. OTI,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-481-4

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant Elechi N. Oti, federal prisoner # 18706-021, appeals the denial of a motion to reduce her sentence under 18 U.S.C. § 3582(c)(2) in light of Amendment 782 to the Guidelines. She contends that she was eligible for a reduction in her sentence despite the fact that the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

amendment was in effect at the time of sentencing, because U.S.S.G. § 1B1.11, p.s., required the district court to apply an earlier guidelines manual that did not incorporate the amendment. We review the district court's determination that Oti was not eligible for a sentence reduction de novo. *See United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010).

Notwithstanding Oti's creative arguments, the plain operation of governing principles shows that she was not eligible for relief under § 3582(c) and U.S.S.G. § 1B1.10, p.s. The amendment did not *subsequently* lower the applicable guidelines range, as required by § 3582(c)(2) and § 1B1.10(a)(1), because the amendment was already in effect. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000) (per curiam). In addition, the first step in determining whether a defendant is eligible for a reduction requires the court to determine what her guidelines range would have been if the amendment had been "in effect at the time of the initial sentencing." *Dillon v. United States*, 560 U.S. 817, 827 (2010); *see* § 1B1.10(b)(1). If that range is lower than the one applied at sentencing, the defendant is eligible for a reduction. *See* § 1B1.10(a)(1), comment. (n.1(A)); *United States v. Morgan*, 866 F.3d 674, 676-77 (5th Cir. 2017). Under the first step, Oti was not eligible because the amendment was already "in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827; *see* § 1B1.10(b)(1). The district court therefore did not err by denying the motion.

AFFIRMED.