# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2021

Lyle W. Cayce
Clerk

No. 20-50409
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CALVIN RAY DAVIS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-48-2

Before STEWART, GRAVES, and HIGGINSON, *Circuit Judges*.

PER CURIAM:*

Calvin Ray Davis, federal prisoner # 83066-080, filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his 180-month sentence for aiding and abetting in the possession with intent to distribute 50 grams or more of crack cocaine. The district court denied his motion, stating that his sentence had

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

already been reduced and that he was not eligible for a further reduction. Davis appealed and filed a motion for leave to proceed in forma pauperis (IFP) on appeal. The district court denied his IFP motion and certified that his appeal was not taken in good faith.

Challenging the district court's certification, Davis moves for leave to proceed IFP on appeal. "An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). If the court upholds the district court's certification, the appellant must pay the filing fee or the appeal will be dismissed for want of prosecution. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). However, if the appeal is frivolous, this court may dismiss it sua sponte. *Id.* at 202 & n.24; 5TH CIR. R. 42.2.

Davis argues he is eligible for a sentence reduction based on Amendment 782 of the Sentencing Guidelines, which modified the drug-quantity table in U.S.S.G. § 2D1.1. *See United States v. Morgan*, 866 F.3d 674, 675 (5th Cir. 2017). Pursuant to 18 U.S.C. § 3582(c)(2), a defendant is eligible for a sentence reduction if he was sentenced "based on a sentencing range that has subsequently been lowered by" a retroactive amendment to the Sentencing Guidelines. *See Dillon v. United States*, 560 U.S. 817, 821 (2010). This court reviews a district court's denial of a motion to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion. *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996).

In Davis's case, the district court had already taken Amendment 782 into account when it reduced his sentence in 2019. Davis has not pointed to any retroactive amendments that have since lowered his guidelines

sentencing range, and he is therefore not eligible for a further sentence reduction under § 3582(c)(2). *See Morgan*, 866 F.3d at 675-77.

Davis has failed to demonstrate a nonfrivolous argument that the district court abused its discretion in denying his § 3582(c)(2) motion. *See id.* Accordingly, his IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.