# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 2, 2021

Lyle W. Cayce
Clerk

No. 20-10735
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VINCENT MICHAEL HERRERA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-195-3

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Vincent Michael Herrera, federal prisoner # 34018-177, pleaded guilty to conspiracy to distribute and to possess, with intent to distribute, more than 50 grams of pure methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). He was sentenced to, *inter alia*, 240-months' imprisonment.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Proceeding *pro se*, Herrera challenges the district court's denying:  his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2); and his motion for reconsideration.  He contends the court erred in concluding Amendment 782 to the Sentencing Guidelines did not lower his applicable Guidelines sentencing range.

We pretermit any issues concerning the timeliness of Herrera's motion for reconsideration and notice of appeal; the Government has not raised such challenges, and any untimeliness would not present a jurisdictional impediment.  *See United States v. Martinez*, 496 F.3d 387, 388–89 (5th Cir. 2007).

Our court "review[s] *de novo* whether a district court has the authority to reduce a sentence under [§] 3582".  *United States v. Morgan*, 866 F.3d 674, 675 (5th Cir. 2017) (citation omitted).  *United States v. Rabhan*, 540 F.3d 344, 346 (5th Cir. 2008) (citation omitted).  Section 3582(c)(2) provides: a "court may reduce the term of imprisonment" for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission".  18 U.S.C. § 3582(c)(2).

The presentence investigation report (PSR) found Herrera accountable for a drug quantity "far exceed[ing] the 1.5 kilograms of ICE [methamphetamine] necessary to invoke a base offense level of 38, which is the highest possible base offense level associated with the drug table found in USSG § 2D1.1".  *See* U.S.S.G. § 2D1.1(c), Note (C) (defining "Ice" as "a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity").  According to the PSR's findings and the stipulated factual basis for his guilty plea, Herrera's offense conduct involved more than 4.5 kilograms of Ice methamphetamine.  Because that drug quantity results in a base offense level of 38 even after Amendment 782, the amendment did

No. 20-10735

not have the effect of lowering Herrera's applicable Guidelines sentencing range. *See* U.S.S.G. § 2D1.1(c)(1). Therefore, Herrera was not eligible for a § 3582 sentence reduction based on Amendment 782. *See* U.S.S.G. § 1B1.10(a)(2) ("A reduction . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range.").

AFFIRMED.