# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 18, 2023

Lyle W. Cayce
Clerk

No. 22-40454
Summary Calendar
_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Victor Loya-Ibarra,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:14-CR-9-1

_____

Before Higginbotham, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Victor Loya-Ibarra, federal prisoner # 22087-078, moves for leave to appeal in forma pauperis (IFP) in this appeal from the denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the Sentencing Guidelines.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40454

By moving for leave to proceed IFP in this court, Loya-Ibarra is challenging the district court's ruling that he did not demonstrate a nonfrivolous issue for appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Here, the district court determined that U.S.S.G. § 1B1.10(b)(2)(A) prohibited it from further reducing Loya-Ibarra's sentence under § 3582(c)(2). Specifically, because Loya-Ibarra's 170-month sentence was below the low end of the amended guidelines range of 210 to 262 months of imprisonment and because he did not receive a reduction for substantial assistance, the court determined he was ineligible for a sentence reduction. Further, the court found that a sentence reduction was not warranted in view of the 18 U.S.C. § 3553(a) factors.

Loya-Ibarra maintains that he was eligible for a sentence reduction, yet he identifies no error in the district court's determination in that regard. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). He also argues the district court did not take into consideration all the § 3553(a) factors, including his postconviction rehabilitation. The record, however, shows that the district court duly considered his arguments, including his postconviction rehabilitation, as well as the § 3553(a) factors. Loya-Ibarra's disagreement with the district court's balancing of the § 3553(a) factors is not sufficient to show an abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 672–73 (5th Cir. 2009).

Loya-Ibarra has failed to show he has a nonfrivolous argument that the district court abused its discretion in denying his § 3582(c)(2) motion. *See United States v. Morgan*, 866 F.3d 674, 675 (5th Cir. 2017); *Howard*, 707 F.2d

at 220. Accordingly, his motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Loya-Ibarra's motion for appointment of counsel is also DENIED.