# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-10209
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Benny Dennis,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:14-CR-11-1

———————————————————————

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Benny Dennis, federal prisoner # 48551-177, appeals the district court's orders denying him a sentence reduction under 18 U.S.C. § 3582(c)(2). He contends, *inter alia*, that the district court had the authority to reduce his sentence after it changed his criminal history category from a IV to a III. We pretermit the issue whether Dennis timely filed a notice

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

of appeal, which does not present a jurisdictional impediment. *See United States v. Martinez*, 496 F.3d 387, 388–89 (5th Cir. 2007).

Generally, we review the district court's denial of a sentence reduction under § 3582(c)(2) for an abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). However, we review de novo the question whether a district court has the authority to reduce a sentence under § 3582(c)(2). *United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010).

Resolving a § 3582(c)(2) motion involves a "two-step inquiry." *United States v. Morgan*, 866 F.3d 674, 675 (5th Cir. 2017). First, the district court must examine U.S.S.G. § 1B1.10 to determine if the defendant is eligible for a reduction; "if so, then the second step is for the district court to decide whether a reduction is consistent" with the § 3553(a) sentencing factors. *Id*. If the defendant is not eligible under § 1B1.10, the district court lacks authority to grant a reduction pursuant to § 3582(c)(2), and no further analysis is required. *See United States v. Quintanilla*, 868 F.3d 315, 321 (5th Cir. 2017).

Here, the district court correctly determined, in accordance with the probation officer's amended worksheet, that the change in Dennis's criminal history category from IV to III under Amendment 821 to the Sentencing Guidelines did not lower his applicable guidelines range. *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table). The district court therefore lacked authority to reduce Dennis's sentence under § 3582(c)(2). *See* U.S.S.G. § 1B1.10(a)(2)(B); *Quintanilla*, 868 F.3d at 321.

AFFIRMED.